**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colonial American Casualty and Surety Company,<br><br>        Plaintiff,<br><br>vs.<br><br>BNCCORP Inc., et al.,<br><br>        Defendants.<br>_____<br>St. Paul Mercury Insurance Company,<br><br>        Plaintiff,<br><br>vs.<br><br>BNCCORP Inc., et al.,<br><br>        Defendants. | No. CV 10-02099-PHX-NVW<br><br>(consolidated with CV10-2239-PX)<br><br>**ORDER** |

Before the Court is Colonial American Casualty and Surety Company's ("Colonial") Motion to Compel Defendant/Counter-Claimant BNCCORP's Response to Request for Production No. 13 (Doc. 117). The parties also have brought to the Court's attention disputes regarding requesting an extension of discovery deadlines (*see* Doc. 167) and interrogatories propounded to BNCCORP, Inc. ("BNC") by St. Paul Mercury Insurance Company (*see* Doc. 172). Oral argument on the pending motion and discovery disputes was held on February 1, 2012, during which the parties agreed to resolve their

1 dispute regarding BNC's interrogatories or renew their request for judicial intervention on
2 that issue by February 15, 2012.

### 1. Motion to Compel (Doc. 117)

On a motion to compel discovery of electronically stored information ("ESI"), "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). "If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id.* Rule 26(b)(2)(B) permits the court to specify conditions for the discovery; Rule 26(b)(2)(C) requires the court to limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The Advisory Committee Notes to the 2006 Amendment of Rule 26(b)(2) state in part:

> The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on whether those burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case. Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.
>
> . . . .
>
> In some cases, the court will be able to determine whether the identified sources are not reasonably accessible and whether the requesting party has show good cause for some or all of the discovery, consistent with the limitations of Rule 26(b)(2)(C), through a single proceeding or presentation.

> The good-cause determination, however, may be complicated because the court and parties may know little about what information the sources identified as not reasonably accessible might contain, whether it is relevant, or how valuable it may be to the litigation. In such cases, the parties may need some focused discovery, which may include a sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light of information that can be obtained by exhausting other opportunities for discovery.
>
> The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery. . . . The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible. A requesting party's willingness to share or bear the access costs may be weighed by the court in determining whether there is good cause. But the producing party's burdens in reviewing the information for relevance and privilege may weigh against permitting the requested discovery.

Colonial moves to compel BNC to produce all responsive documents to its Request for Production No. 13 to BNC, Set One at BNC's expense, which seeks "[a]ll correspondence, emails, reports, and other DOCUMENTS exchanged between BNC and AMS." Colonial served this request on December 23, 2010, and BNC responded with its objections on multiple grounds on February 3, 2011. BNC objected "to this Request in its entirety until counsel reach an agreement regarding the scope, logistics, proper allocation of costs and expenses, customer privacy concerns, and other privilege or confidentiality concerns implicated by this overbroad and unduly burdensome Request." After unsuccessful efforts to resolve this dispute, in November 2011, the parties submitted a summary statement to the Court and were granted leave to file and brief this motion to compel.

It appears that BNC has produced a forensic accounting report, supporting documents, back-up data, and all of the relevant loan files, and Colonial has obtained a copy of all of the files stored on the AMS server on which AMS's emails were stored. What Colonial wants is a copy of the emails stored on BNC's email archive server because it is cumbersome and expensive to identify the relevant emails on the AMS email archive server. BNC has spent approximately $17,000 to estimate the cost of producing the requested emails narrowed to 38 custodians and certain search criteria. BNC

1 estimates that the cost to prepare, index, process, and review the relevant data on its
2 archive server will exceed $100,000 if the search is limited to BNC's proposed list of
3 custodians and search terms.  Colonial contended that it cannot be assured the list of
4 custodians and search terms will adequately identify the relevant emails because it has not
5 seen a sample of the emails that would be identified.  At oral argument, however, counsel
6 indicated that they likely could reach agreement on the criteria for searching the BNC
7 email archive server, but would be unable to reach agreement on which party or parties
8 should bear the expenses related to producing the identified emails.

9 The emails stored on the BNC email archive server may be more efficiently
10 accessed than those stored on the AMS email archive server and may possibly yield some
11 information that would warrant the cost of obtaining them.  However, it appears that
12 Colonial has been provided the loan files, the written agreement between BNC and AMS,
13 and most, if not all, of the information more likely to determine the material litigation
14 issues.  The search for a "smoking gun" email could pay off, but it could also pay off
15 from searching the AMS email server already in Colonial's possession.  BNC should not
16 bear the cost of a search of BNC's data to avoid Colonial's search of the AMS data.
17 Therefore, if Colonial wants BNC to produce all emails between BNC and AMS stored
18 on BNC's email archive server within agreed-upon search criteria, Colonial must pay for
19 the non-lawyer expense in doing so.

20       **2.**     **Revised Scheduling Order**

21 Accordingly, the discovery deadlines will be extended as ordered below.

22 IT IS THEREFORE ORDERED that Colonial American Casualty and Surety
23 Company's Motion to Compel Defendant/Counter-Claimant BNCCORP's Response to
24 Request for Production No. 13 (Doc. 117) is granted in part and denied in part.

25 IT IS FURTHER ORDERED that the parties will meet and confer by February 24,
26 2012, to establish procedures for BNCCORP to produce its response to Request for
27 Production No. 13 and for Colonial American Casualty and Surety Company to pay for
28 the related non-lawyer expenses.

IT IS FURTHER ORDERED that:

1. The close of fact discovery is extended from February 3, 2012, to May 31, 2012.

2. The deadline for expert disclosure by the party or parties with burden of proof is extended from March 1, 2012, to June 29, 2012; the deadline for expert disclosure by the opposing party or parties is extended from April 13, 2012, to July 31, 2012; the deadline for rebuttal expert disclosures, if any, is extended from May 11, 2012, to August 17, 2012. Expert depositions shall be completed no later than September 28, 2012.

3. The deadline for engaging in good faith settlement talks is extended from March 2, 2012, to August 31, 2012.

DATED this 6th day of February, 2012.

_____
Neil V. Wake
United States District Judge